**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Laurie Forman,

Plaintiff,

v.

City of Tempe, et al.,

Defendants.

No. CV-25-03852-PHX-DWL

**ORDER**

On October 16, 2025, *pro se* Plaintiff initiated this action by filing a complaint and an application to proceed *in forma pauperis*. (Docs. 1, 2.) In a February 5, 2026 order, the Court granted the application to proceed, screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the complaint with leave to amend. (Doc. 16.) The screening order provided detailed guidance regarding the deficiencies in the complaint.

On February 6, 2026, Plaintiff filed a first amended complaint ("FAC"). (Doc. 17.)

On February 17, 2026, Plaintiff filed a motion for reconsideration (Doc. 26) of the February 5, 2026 order, which the Court denied as moot in light of the filing of the FAC. (Doc. 29.) The Court noted that the FAC would be screened pursuant to § 1915(e)(2) in due course. (*Id.*)

On February 26, 2026, Plaintiff filed a document entitled "Request for Judicial Notice." (Doc. 31.) In a March 13, 2026 order, the Court construed that motion as a request for leave to file a Second Amended Complaint ("SAC"), granted that request, and set a deadline of April 3, 2026 for Plaintiff to file a SAC. (Doc. 33.)

On March 20, 2026, Plaintiff filed a motion for reconsideration of the March 13, 2026 order in which she appeared to state that she wished for the FAC to remain her operative complaint. (Doc. 34.)

On March 24, 2026, the Court issued an order that provided as follows: "The Court will allow Plaintiff to choose whether she wants to file a second amended complaint. Plaintiff still has leave to amend, whether she wants it or not, and may file a second amended complaint by April 3, 2026. However, if she does not do so, the case will not be automatically terminated. Rather, the Court will screen the second amended complaint if she files one. If not, the Court will screen the FAC. Either way, the case will be terminated if the amended complaint that the Court screens is found to be deficient. The Court encourages Plaintiff to consider that filing a second amended complaint that takes advantage of the Court's guidance in its February 5, 2026 order is the best chance of having the opportunity to proceed in this action. The Court also reminds Plaintiff that there is a federal court self-service clinic that can assist her." (Doc. 35 at 3.)

On April 24, 2026, after Plaintiff chose not to file a SAC, the Court issued an order that screened the FAC, determined that the FAC was subject to dismissal, and dismissed the FAC without leave to amend. (Doc. 39.) The final sentence of this order provided: "The Clerk of Court shall enter judgment and terminate this action." (*Id.* at 3.) That same day, the Clerk entered judgment. (Doc. 40.)

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff had 30 days from the entry of judgment—that is, until May 25, 2026—to file a notice of appeal. Plaintiff missed that deadline—she filed a notice of appeal on June 2, 2026. (Doc. 42.) That appeal was docketed by the Ninth Circuit as Case No. 26-3660.

On June 8, 2026, the Ninth Circuit issued an order requiring Plaintiff to show cause within 21 days why her appeal should not be dismissed for lack of jurisdiction due to the untimely notice of appeal. (Case No. 26-3660, Dkt. 3.)

On July 14, 2026, after Plaintiff failed to respond, the Ninth Circuit issued an order dismissing Plaintiff's appeal for lack of jurisdiction. (Case No. 26-3660, Dkt. 4.) The

order provided that the mandate would issue 21 days later. (*Id.*) However, before the mandate issued, Plaintiff filed various documents with the Ninth Circuit in which she asked for the mandate not to issue. (Case No. 26-3660, Dkts. 7, 8.) In an August 12, 2026 order, the Ninth Circuit explained that those filings were not responsive to its July 14, 2026 order and gave Plaintiff 21 days to provide a response. (Case No. 26-3660, Dkt. 9.) On September 3, 2026, Plaintiff filed a response as well as two motions for miscellaneous relief. (Case No. 26-3660, Dkts. 10-12.) The Ninth Circuit has not taken any further action since Plaintiff's submission of those filings.

In the meantime, on August 28, 2026, Plaintiff filed a pair of motions in this action: (1) a motion for relief from judgment (Doc. 46) and (2) a motion for a finding of timeliness regarding her notice of appeal (Doc. 47). Because Plaintiff's notice of appeal filed on June 2, 2026 was untimely, the Court retains jurisdiction to consider both motions. *Ruby v. Sec'y of the Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, . . . is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

In the first motion, Plaintiff seeks relief under Rules 60(b)(1) and (b)(2), apparently under the theory that she did not receive body-cam footage of the underlying incident until July 30, 2026. (Doc. 46.) However, Plaintiff does not provide a reasoned explanation as to why the body-cam footage will enable her to plead new factual details that would cure the deficiencies that led to the dismissal of the complaint and the FAC (which included suing a judge who had judicial immunity). (Doc. 16 at 4-5.) For example, Plaintiff contends that the body-cam footage will allow her to plead "Degree and extent of injuries." (Doc. 46 at 2.) But the complaint and FAC were not dismissed due to a failure to plead the degree and extent of Plaintiff's injuries, and it is unclear why Plaintiff would have been unaware, until she received the body-cam footage, of her own injuries. Plaintiff also asserts that the body-cam footage shows "[c]ritical witness revealing information not previously known to Plaintiff" and "[a]ctual scene of the October 16, 2023 accident supports the

claims made" (*id.*), but these are fact-free generalities—Plaintiff does not identify the purported critical witness, identify the nature of the unspecified "revealing information" this unspecified witness may possess, identify the unspecified new details regarding the "actual scene" of the accident, or explain why any of these unspecified matters have any bearing on the dismissal analysis.

As for the second motion, 28 U.S.C § 2107(c) provides that "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." *See also* Fed. R. App. P. 4(a)(5)(A). Here, the deadline for Plaintiff to file her notice of appeal was May 25, 2026, so the resulting deadline for Plaintiff to file any motion for an extension under § 2107(c) was 30 days later, i.e., by June 24, 2026. Her motion for an extension, filed on August 28, 2026, was thus filed too late. *United States ex rel. Haight v. Catholic Healthcare W.*, 602 F.3d 949, 955 (9th Cir. 2010) ("Congress specified in 28 U.S.C. § 2107(c) that a court may grant an extension 'upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal.' The requirement of a motion within 30 days is, thus, created by statute. It could not be waived . . . ."). Additionally, "even a late-filed notice of appeal—a document that unequivocally evinces a party's intent to appeal—cannot be construed as a motion to extend the time to appeal." *Evans v. Synopsys, Inc.*, 34 F.4th 762, 773 (9th Cir. 2022).

Finally, although the analysis could end there, Plaintiff also has not established excusable neglect or good cause. Plaintiff's sole proffered excuse for missing the relevant deadlines is that she "did not fully understand the import of the two part process where the Order referenced the Clerk entering judgment and Plaintiff perceived that mean an [sic] '*signed* Judgment' would issue." (Doc. 47 at 1.) This assertion is confusing. The April 24, 2026 order dismissing the FAC concluded with the directive: "The Clerk of Court shall enter judgment and terminate this action." (Doc. 39 at 3.) That same day, the Clerk of Court entered judgment, which was electronically signed by a member of the Clerk's office. (Doc. 40.) Even accepting that Plaintiff is a *pro se* litigant, there was nothing

unclear or confusing about what occurred. The Court further notes that Plaintiff had actual notice before the expiration of the June 24, 2026 deadline for filing an extension request—in the form of the Ninth Circuit's June 8, 2026 order—that her notice of appeal was untimely, yet she took no action in this Court until August 28, 2026.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions (Docs. 46, 47) are **denied**. This case remains **closed**.

Dated this 16th day of September, 2026.

Dominic W. Lanza
United States District Judge